David Krieger, Esq.
Nevada Bar No. 9086
Shawn Miller, Esq.
Nevada Bar No. 7825
KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Parkway
Suite 200
Henderson, Nevada 89052
Phone: (702) 848-3855
Email: dkrieger@kriegerlawgroup.com
Email: smiller@kriegerlawgroup.com

Attorney for Plaintiff
*Hope Boddy*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| HOPE BODDY, | Civil Action No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **PURSUANT TO THE FAIR** |
| | **CREDIT REPORTING ACT, 15** |
| EARLY WARNING SERVICES, LLC, | **U.S.C. § 1681, ET SEQ.** |
| Defendant. | **JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit

Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Through a tightly wound set of procedural protections, the FCRA protects consumers from the material risk of harms that otherwise flow from inaccurate reporting. Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

3. Hope Boddy ("Plaintiff"), by Plaintiff's attorneys, brings this action against EARLY WARNING SERVICES, LLC ("Early Warning" or "Defendant") for violations of the FCRA, as set forth below.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction because this case arises out of violations of the FCRA. 15 U.S.C. § 1681 *et seq.*; 28 U.S.C. § 1331; *Smith v. Community Lending, Inc.*, 773 F.Supp.2d 941, 946 (D. Nev. 2011).

5. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, Nevada and because Defendant is subject to personal jurisdiction in Clark County, Nevada; conduct business in Clark County, Nevada; the events giving rise to this action occurred in Clark County, Nevada; and Defendant is registered with the Nevada Secretary of State as a foreign limited liability company and has appointed a registered agent in Nevada.

## PARTIES

6. Plaintiff is a natural person residing in the County of Clark, State of Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Early Warning regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer credit reports to third parties, and uses interstate commerce to prepare and/or furnish the reports. Early Warning is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

8. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

**Early Warning Failed to Respond to Plaintiff's Written Dispute**

9. In an Early Warning credit report dated November 18, 2020, Early Warning reported inaccurate information regarding Plaintiff's credit file.

10. Specifically, Early Warning reported four incorrect and inaccurate bank account tradelines. These account tradelines were inaccurate because either they did not belong to Plaintiff, they inaccurately reported the status as "overdrawn" when the accounts were not overdrawn, or failed to correctly report Plaintiff's bankruptcy discharge.

11. On or about February 5, 2021, pursuant to 15 U.S.C. § 1681i(a)(2), Plaintiff disputed these inaccurate and incorrect tradelines by notifying Early Warning, in writing, of the incorrect and inaccurate credit information and instructing Early Warning to investigate and correct or delete the inaccurate and incorrect information ("Dispute Letter").

12. The Dispute Letter included Plaintiff's full name, phone number, date of birth, social security number, and driver's license number for identification purposes.

13. In addition, the Dispute Letter identified each disputed tradeline by referencing the full creditor name and account number, along with a detailed written description of the inaccurate and incorrect information contained in the tradeline.

14. Plaintiff also attached the following documents to the Dispute Letter: (a) Early Warning's credit disclosure report upon which the disputes were based; (b) Plaintiff's filed Bankruptcy Petition (including court identification and case number); (c) Order of Discharge in the Bankruptcy case; (d) Plaintiff's driver's license; (e) Plaintiff's Social Security card; and (f) a recent utility bill.

15. Plaintiff mailed the Dispute Letter via US Mail.

16. Upon receipt of the Dispute Letter, Early Warning was required to conduct an investigation into the disputed accounts pursuant to 15 U.S.C. § 1681i and inform the furnishers of information about the nature of Plaintiff's credit disputes.

17. Early Warning failed to investigate the disputes raised by Plaintiff in the Dispute letter and/or failed to provide Plaintiff with the results of any "reinvestigation" completed pursuant to 15 U.S.C. § 1681i(a)(6) relating to the Dispute Letter.

18. Instead, Early Warning sent a nonsensical response (seen below), dated February 15, 2021, in which it demanded Plaintiff fill out a form with

identifying information, including Plaintiff's name, address, phone number, social security number, date of birth, and at least one picture ID such as a driver's license or passport.

> Dear Hope Boddy,
>
> Thank you for contacting Early Warning. We are committed to providing a convenient and positive consumer experience throughout this process. We received your request for a consumer report.
>
> **Identifying Information Needed:** Early Warning takes the privacy and security of your personal information very seriously. Prior to releasing such personal information, the following information is needed to help us verify your identity:
>
> • The completed Consumer Identification and Certification Form.

**Early Warning**
**Consumer Identification and Certification Form**

As required by the Fair Credit Reporting Act, Early Warning will provide a copy of your file upon proper identification. Please complete all applicable information and **submit the form and a copy of one of the required identification documents** to Early Warning by one of the methods provided in the Contact Information section of this form.

Consumer Information for Consumer Identification Number 823134

| Last Name | First Name | Middle Initial | Suffix |

Name(s) Previously Used

| Mailing Address (include Apt #) | City | State | Zip Code |

| Current Street Address (if different) | City | State | Zip Code |

Daytime Phone #           Alternate Phone #

Social Security #           Date of Birth

ID Type:  ☐ Driver's License   DL #           Issuing State           Issuing Country
Copy of
One type  ☐ ID Card          ID #           Issuing State           Issuing Country
required
          ☐ Passport         Passport #           Issuing Country
          ☐ Other (explain)

19. There was no legitimate reason or excuse why Early Warning sent Plaintiff a Consumer Identification and Certification form other than to avoid its obligations under the FCRA, particularly here where Plaintiff had already

provided all the information Early Warning was seeking in Plaintiff's Dispute Letter.

20. Significantly, Early Warning did not articulate or explain why additional information was required or how the identifying information provided by Plaintiff in the Dispute Letter was insufficient, lacking or otherwise insufficient for Early Warning to conduct its required investigation.

21. Rather, in an apparent scheme to hinder or deprive Plaintiff of Plaintiff's rights under the FCRA or in a willful attempt to avoid its obligations to investigate Plaintiff's disputes, Early Warning sent Plaintiff a request for identifying information that Plaintiff had already provided. It appears as if Early Warning did not even read Plaintiff's Dispute Letter, let alone commence an investigate into the inaccuracies and incorrect information disputed therein.

22. Early Warning's actions constitute a negligent or willful violation of 15 U.S.C. § 1681i(a)(1), (4), (6) by failing to conduct a reasonable investigation and/or provide a timely written reinvestigation report to the Plaintiff regarding the results of Early Warning's investigation into the disputes raised by Plaintiff in the Dispute Letter.

23. Indeed, Early Warning failed to provide any evidence of any investigation at all, instead just demanding Plaintiff send duplicative information and

identification already submitted by Plaintiff. Early Warning therefore shirked its duties under the FCRA.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 *ET SEQ.* (FCRA)

24. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

25. Defendant failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i(a).

26. Defendant failed to review all relevant information provided by Plaintiff in the Dispute Letter, as required by and in violation of 15 U.S.C. § 1681i(a).

27. Upon receipt of the Dispute Letter, Defendant failed to conduct an investigation with respect to the disputed information as required by 15 U.S.C. § 1681i(a).

28. Despite Plaintiff's efforts to correct Defendant's erroneous and negative reporting in writing, Defendant neglected, refused, or failed to do so.

29. Also as a result of Defendant's failure to correct its continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation fear of credit denials, out-of-pocket expenses in challenging Defendant's wrongful representations, damage to his creditworthiness, and emotional distress.

30. The foregoing acts and omissions constitute numerous and multiple willful, reckless, or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. § 1681.

31. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendant.

32. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendant.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681 ET SEQ. (FCRA)**

- actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA; and

- any other relief the Court may deem just and proper.

## TRIAL BY JURY

33. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: April 13, 2021

Respectfully submitted,

By    /s/ David Krieger, Esq.
David Krieger, Esq.
Nevada Bar No. 9086
Shawn Miller, Esq.
Nevada Bar No. 7825
KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Parkway
Suite 200
Henderson, Nevada 89052
Phone: (702) 848-3855
Email: dkrieger@kriegerlawgroup.com
Email: smiller@kriegerlawgroup.com